**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50432**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 19, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DANIEL BONDAR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction and unified sentences of five years determinate for aggravated assault; five years determinate for unlawful possession of a firearm, and five years indeterminate for destruction/concealment of evidence, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kimberly Ann Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth Kurt Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Daniel Bondar pled guilty to aggravated assault, felony, Idaho Code §§ 18-901(b), - 905(a); unlawful possession of a firearm, felony, I.C. § 18-3316; and destruction/concealment of evidence, felony, I.C. § 18-2603. For the aggravated assault charge, the district court imposed a five-year determinate sentence; for the unlawful possession charge, the district court imposed a five-year determinate sentence to run consecutively to the aggravated assault sentence; and for the concealment/destruction of evidence charge, the district court imposed a five-year indeterminate

sentence to run consecutively to the other two sentences.  Bondar appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Bondar's judgment of conviction and sentences are affirmed.